This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Petitioner-Appellee,

**v.**                                              **No. 33,606**

**MILES T.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Miles T. (Child) appeals from the conditional consent decree, in which Child pled no contest to the charge of possession of alcohol by a minor and reserved his right to challenge the district court's denial of his motion to suppress. [RP 51, 53] Child contends that the district court erred in denying his motion to suppress because

(1) Child failed to knowingly and intelligently waive his *Miranda* rights because he was intoxicated; and (2) Child failed to voluntarily waive his *Miranda* rights given that armed officers pulled him out of the bushes; handcuffed him; he appeared to believe "the jig was up;" and he was in handcuffs until he started answering the officers' questions. [DS 4-5] This Court's calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

{2}    In the memorandum, Child argues that the totality of the circumstances do not support the trial court's findings of a knowing, intelligent, and voluntary waiver of *Miranda* rights "by the frightened, intoxicated Child after he was pulled from the buses by armed men in the dead of night." [MIO 7] Child also asserts that he was not actually in the presence of the other child when the police apprehended Child in the bushes and questioned him. [Id.] Thus, Child states that under circumstances where he was "scared and drunk in the dark of a cold night, confronted by armed officers," the State has not showed, by a preponderance of the evidence, that Child's waiver of *Miranda* rights was knowing, intelligent, and voluntary. [MIO 8] We are not persuaded.

**{3}** The officer's testimony about Child's behavior and the circumstances and manner of the officers' questioning of Child conflicts with Child's assertions in the docketing statement and in the memorandum. As a reviewing court, however, "[w]e do not substitute our judgment for that of the fact[]finder concerning the credibility of witnesses or the weight to be given their testimony." *State v. Haskins*, 2008-NMCA-086, ¶ 8, 144 N.M. 287, 186 P.3d 916; *see State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the fact finder is free to reject the defendant's version of the facts).

**Knowing and Intelligent Waiver**

**{4}** Whether or not Child's friend, who was also apprehended, was standing near Child when Child was pulled from the weeds and questioned, we remain persuaded that the totality of the circumstances indicate that Child's intoxication did not interfere with a knowing and intelligent waiver of his *Miranda* rights. When one of the officers read Child his *Miranda* rights, Child said he would talk to the officer and said that he understood his rights. [RP 40, 10:43:43 AM; RP 43, 10:54:12 AM] When asked to identify himself, Child produced a school ID and verbally identified himself. [RP 40, 10:44:09 AM] Child also told the officer his date of birth and that he was sixteen years old at the time. [RP 40-41, 10:44:25 AM - 10:44:54 AM] Child was questioned for less than ten minutes and the questions were open-ended with the officer merely

3

saying "and." [RP 41, 10:45:21 AM - 10:46:31 AM] Child readily admitted to stealing bicycles with his friend, that he had alcohol, and that he was intoxicated. [RP 41, 10:45:21 AM; RP 42-43, 10:52:23 AM - 10:52:32 AM] The officer testified that he did not see anything in Child's walk to indicate he was intoxicated, however, and Child did not slur his speech, but the officer testified that Child did smell of alcohol and that he heard bottles in Child's backpack. [RP 41, 10:47:06 AM - 10:47:22 AM] The officer also testified that Child could control and handle himself, and that Child was functioning well. [RP 42, 10:48:07 AM - 10:50:08 AM] Further, the officer testified that Child appeared to the officer to be riding the bicycle down the county road "pretty good." [RP 42, 10:50:46 AM] When asked if he wanted a parent present, Child declined. [RP 43, 10:54:26 AM] The other officer testified that Child did not appear to be very intoxicated or slow in making responses. [RP 47, 11:12:45 AM - 11:14:03 AM]

{5} We hold that, under the totality of the circumstances, Child's waiver of his Miranda rights was knowing and intelligent.

**Voluntary Waiver**

{6} We also remain persuaded that the totality of the circumstances indicate that Child's waiver of his *Miranda* rights was voluntary rather than a product of intimidation, coercion, or deception. Child was initially handcuffed because he

4

refused to come out from the weeds where he was hiding and the officer thought Child was going to run off; the handcuffs were then removed because Child was cooperative. [RP 45, 11:05:13 AM; RP 47, 11:12:23 AM - 11:12:43 AM] The officer testified that Child was compliant and not scared or intimidated. [RP 44, 10:58:44 AM - 10:58:50 AM] The officer also testified that he did not give Child a hard time about anything and that Child was helpful. [RP 44, 10:59: 23 AM; RP 44, 10:58:50 AM] As mentioned above, Child readily admitted to stealing bicycles with his friend, that he had alcohol, and that he was intoxicated. [RP 41, 10:45:21 AM; RP 42-43, 10:52:23 AM - 10:52:32 AM]

**{7}** We hold that, under the totality of the circumstances, Child's waiver of his rights was voluntary rather than a product of intimidation, coercion, or deception.

**CONCLUSION**

**{8}** For the reasons set forth in the calendar notice and this memorandum opinion, we affirm the district court's decision to deny Child's motion to suppress.

**{9}** **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

5

**M. MONICA ZAMORA, Judge**


_____

**J. MILES HANISEE, Judge**